JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHRISTINE Y. WONG (NYBN 3988607)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone: (510) 637-3717
   Facsimile: (510) 637-3724
   E-Mail:    Christine.Wong@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-07-0793 CW |
|    Plaintiff, ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. ) | **Sentencing Date: July 23, 2008, 2:00 p.m., The Honorable Claudia Wilken** |
| JOSE JESUS MARTINEZ, ) | |
|    Defendant. ) | |

The United States of America requests that Defendant Jose Jesus Martinez be sentenced to 188 months imprisonment, the low end of the United States Sentencing Guidelines ("Guidelines") range, consistent with the Plea Agreement and the recommendation of the United States Probation Office.

**FACTUAL BACKGROUND**

On three occasions from August 2007 to October 2007, an undercover police detective purchased three ounces of heroin and one ounce of cocaine base from the defendant. In addition, on October 9, 2007, a San Leandro police officer conducted a search of the defendant during which he found .9 grams of cocaine base in his pants pockets. Officers also searched his car and found .23 grams of heroin, another 12.1 grams of cocaine base in a hidden compartment, and

another 59 grams of heroin inside the car vents. Officers also found a digital scale and numerous baggies in the car. The defendant consented to a search of his home, in which officers found 28 rounds of firearm ammunition and a hard case for a handgun in the defendant's bedroom.

## THE SENTENCING GUIDELINES

As agreed upon in the Plea Agreement and as set forth in the PSR, the offense level is 31, and the appropriate criminal history category, pursuant to U.S.S.G. § 4B1.1, is VI. The Probation Office recommends 188 months imprisonment. Given the conduct of the defendant in the instant offense and his criminal history, the United States agrees with the recommendation of the Probation Office.

## ARGUMENT

**APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 188 MONTHS IMPRISONMENT AND FOUR YEARS OF SUPERVISED RELEASE IS REASONABLE.**

The Supreme Court recently noted that the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice." Rita v. United States, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public from further criminal conduct by the defendant. 18 U.S.C. § 3553(a). Each of these factors support a sentence of 188 months' imprisonment.

Defendant's conduct in the instant case is part of a pattern of serious criminal activity, resulting in his classification as a career offender under the Guidelines. Defendant's adult felony convictions include: (1) assault with a deadly weapon, an incident during which the defendant pulled out a handgun and shot a victim who attempted to intercede on behalf of defendant's girlfriend, PSR PP35, (2) possession or purchase for sale of narcotics or controlled substance; and (3) felon in possession of a firearm, prosecuted by this Office. Indeed, the defendant was still on supervised release when he committed the instant offense. Defendant's other adult convictions include a conviction for carrying a concealed weapon and for driving with a suspended license. Defendant's criminal history shows that he is not simply a comparatively

minor offender among other career offenders; rather, defendant has shown a propensity for violence, for using guns, and for drug dealing that places him squarely within career offender status.

Defendant has been in custody or on some form of monitored release for the last fifteen years. (PSR ¶¶ 35-37).  Defendant was imprisoned on an assault charge from May 1993 to June 1996, after which he was on parole. (PSR ¶ 35).  Approximately eight months later, on February 28, 1997, Defendant was arrested for a narcotics offense, for which he was sentenced to two years imprisonment. (PSR ¶ 36).   He was paroled on that conviction on October 17, 1998. (*Id.*). One year later, on October 27, 1999, Defendant's parole was suspended and he was returned to custody. (*Id.*).  On January 5, 2000, he was reinstated on parole. (*Id.*).  A few weeks later, on January 24, 2000, the defendant was arrested with a gun at the Bay Fair BART station in San Leandro, California, and on November 27, 2000, he was convicted of being a felon in possession of a firearm and sentenced to 70 months' imprisonment on the felon in possession charge.  (PSR ¶ 37).  The term of supervised release relating to the felon in possession charge commenced on March 6, 2006. (*Id.*).  On February 2, 2007, less than a year after being on supervised release, defendant was arrested for driving under the influence of marijuana. (*Id.*).  The defendant also tested positive for controlled substances on seven occasions. (*Id.*).  Based on the February 2, 2007 arrest and the positive drug tests, on May 7, 2007, the Court took judicial notice that the defendant violated his conditions of supervised release. (*Id.*).  Approximately four months later, on August 30, 2007, an undercover detective made the first of three drug buys from the defendant. (PSR ¶ 36).   As this chronology makes clear, since May 1993, the longest period in between arrests for the defendant is one year.

In light of the above, the sentence recommended by the United States and within the sentencing range agreed upon by the parties achieves the sentencing goals set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court determine that defendant's Guidelines offense level is 31 and his criminal history category is VI.

1  The United States further respectfully requests that, taking into consideration the sentencing
2  factors set forth in section 3553(a), the Court sentence defendant to the low-end of the applicable
3  Guidelines range, namely, 188 months imprisonment, impose a four-year term of supervised
4  release (under the terms and conditions recommended by the Probation Office), and order
5  defendant to pay a $100 special assessment.
6  DATED: July 17, 2008

                                                    Respectfully submitted,

                                                    JOSEPH P. RUSSONIELLO
                                                    United States Attorney

                                                    /s/
                                                    CHRISTINE Y. WONG
                                                    Assistant United States Attorney